IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHAD LEONARD,<br><br>    Plaintiff,<br><br>vs.<br><br>FIFTH THIRD BANK,<br><br>    Defendant. | Case No. 4:19-cv-54<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. Invasion of Privacy – Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Chad Leonard ("Plaintiff"), through his attorneys, alleges the following against Fifth Third Bank ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Lafayette, Tippecanoe County, Indiana.

7. Defendant is a banking institution engaged in the business of giving credit and collection debt, with their principal place of business located at Fifth Third Center, 38 Fountain Square Plaza, Cincinnati, OH 45263. Defendant can be served at Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204, USA.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant was attempting to collect an alleged debt from Plaintiff.

10. On or about January 23, 2019, Defendant began placing calls to Plaintiff's cellular phone number ending in 6462, in an attempt to collect an alleged debt.

11. The calls placed by Defendant originated mainly from the following numbers: (614) 784-8783, (773) 981-9135, (239) 225-2099, (859) 455-5201, and (800) 837-5745.

12. On or about January 23, 2019, at 11:08 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (773) 981-9135.

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to his Fifth Third Bank account.

14. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

15. On or about March 8, 2019, at 4:10 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (859) 455-5201.

16. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Fifth Third Bank account.

17. Plaintiff unequivocally revoked consent to be called any further.

18. Defendant's incessant calls continued nearly every day until March 8, 2019.

19. Between January 23, 2019 and March 8, 2019, Defendant called Plaintiff no less than ninety-five (95) times.

20. Defendant regularly called Plaintiff one (1) to three (3) times a day and on some occasions, up to seven (7) times a day.

21. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

22. Plaintiff underwent knee surgery in August 2018, which caused him to miss work for nearly four months. During this period, Plaintiff's income was impacted and was unable to keep up with his financial obligations.

23. In addition to the surgery and reduction of income, Plaintiff was in the process of filing for divorce, increasing his stress, anxiety, and expenses.

24. Plaintiff was taking medication to help control his blood pressure and depression.

25. The calls placed by Defendant were a constant distraction and reminder of his financial situation, which caused him further stress and anxiety to the point that he needed to take additional medication to deal with his depression.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
## Defendant's Violations of the TCPA, 47 U.S.C. § 227

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

  a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

  b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that

Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

30. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

31. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Chad Leonard, respectfully requests judgment be entered against Defendant for the following:

   A. Declaratory judgment that Defendants violated the TCPA;
   B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
   C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 29th day of May 2019,

        PRICE LAW GROUP, APC

        */s/ David A. Chami*
        David A. Chami, AZ #027585
        PRICE LAW GROUP, APC
        8245 North 85th Way
        Scottsdale, AZ 85258
        T: (818) 600-5515
        F: (818) 600-5415
        E: david@pricelawgroup.com